144 So. 838

## YOUNG v. STATE.
### 5 Div. 888.

Court of Appeals of Alabama.
Nov. 29, 1932.

145 So. 327

## PITTS v. STATE.
### 6 Div. 276.

Court of Appeals of Alabama.
Dec. 20, 1932.

BRICKEN, P. J.

The appellant was charged by indictment with the offense of grand larceny, specifically, that she feloniously took and carried away one $20 bill, lawful currency of the United States, etc., from a dwelling house, the personal property of David Taylor, etc. She interposed a plea of not guilty, but was convicted as charged, and was duly sentenced by the court to serve an indeterminate term of imprisonment in the penitentiary of not less than fifteen months and not more than two years.

The only insistence of error is the action of the court in refusing the affirmative charge requested by defendant. In this there was no error. The evidence was in conflict and presented a jury question. Taylor, the alleged injured party, testified that on Wednesday, before he missed his money on Sunday, this appellant had been in his home performing certain domestic duties for his wife, and that she was the only person who had been in his home other than his own family; that at that time the $20 bill in question was in his trunk in his home; that he had torn a small piece of the bill off the corner in order to mark or identify it; and that on Sunday, as stated, his wife went into the trunk to get the bill of money for him and it was missing. He immediately secured the sheriff, who went with him to this appellant's home, and upon searching her house found the bill of money under her pillow. The defendant denied that the $20 bill found under her pillow by Taylor and Sheriff Riley was his (Taylor's) money, and testified she had made the money herself by working and by bootlegging. There was some testimony to the effect that she stated at first that the money in question belonged to her mother. This she denied when testifying in her own behalf as a witness. Under this conflicting evidence the affirmative charge was not in point, and the court properly refused to give it.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.